# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUIXUAN ZHOU,<br><br>*Plaintiff*,<br><br>v.<br><br>JOSHUA P. DEFORD,<br><br>*Defendant*. | Civil Action No. 24-397 (TJK) |

## ORDER

Plaintiff, proceeding pro se, filed this action on February 9, 2024. Because the Complaint fails to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8(a), the Court will dismiss it, sua sponte, and permit her to file an amended complaint.

Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and mount an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). And it helps the Court determine whether it has jurisdiction over the subject matter. Although pleadings by pro se litigants are generally held to less stringent standards than pleadings drafted by lawyers, they must still comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). When a plaintiff fails to comply with Rule 8, sua sponte dismissal may be appropriate. *See Shells v. Wal-Mart, Inc.*, No. 23-cv-02561 (JMC), 2023 WL 5748568, at *1

(D.D.C. Sept. 6, 2023) (dismissing sua sponte a pro se plaintiff's claims where "the lack of accompanying factual allegations makes it impossible to determine that claim's factual basis"); *White v. Markey*, No. 20-cv-03316 (UNA), 2020 WL 7481041, at *1 (D.D.C. Dec. 11, 2020) (dismissing sua sponte a pro se complaint that "fails to set forth allegations with respect to this court's jurisdiction").

The Complaint is near-incomprehensible. It consists of disorganized ramblings that fail to provide a coherent narrative or set of facts. *See Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017) ("[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8's] standard.") (internal quotations omitted). Moreover, while it names Joshua P. Deford as the defendant, it does not set forth a discernable cause of action against him. *See Alese v. McDonough*, No. 23-cv-2925 (TJK), 2023 WL 9418276, at *1 (D.D.C. Oct. 27, 2023) (dismissing complaint that failed to "describe[] the conduct Plaintiff complains of or even the involvement of Defendant"). Finally, it suggests no reasons why the Court has subject matter jurisdiction over this case.[1] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because the Complaint fails to meet Rule 8's minimal pleading standard, the Court will dismiss it and grant Plaintiff leave to address these deficiencies in an amended complaint.[2]

Thus, it is hereby **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED**. It is further

---

[1] On the Civil Cover Sheet accompanying the Complaint, Plaintiff checked "U.S. Government Plaintiff" as the basis of jurisdiction, which is plainly incorrect. ECF No. 1-2 at 1.

[2] The Complaint includes 253 pages of attachments. Plaintiff is advised that under Local Rule 5.1(e), a complaint shall not include attachments that are "not essential to determination of the action."

3

**ORDERED** that Plaintiff may file an amended complaint that complies with Rule 8(a) by March 22, 2024.  Failure to do so may result in dismissal of the case.

**SO ORDERED.**

                                        /s/ Timothy J. Kelly
                                        TIMOTHY J. KELLY
                                        United States District Judge

Date: February 23, 2024